In the Matter of the Judicial Settlement of the Account of FRANK L. WINSOR, as Administrator, etc., of ANNA M. SWEENEY, Deceased. ELIZABETH L. SWEENEY and Others, Appellants; ELIZABETH G. BAILEY, Respondent.— This is an appeal

by the distributees from a decree of the Surrogate's Court, Otsego County, entered after trial before the surrogate without a jury. No appeal has been taken by the administrator, although he has filed a brief. The decedent Anna M. Sweeney died at the Parshall Hospital at Oneonta on August 30, 1937, and at that time was head nurse at the sanatorium at Mt. Vision, New York. As appears from the administrator's accounts, the decedent left an estate of $35,312.18. She died intestate and upon the request and consent of all of the distributees, Doctor Frank L. Winsor was appointed administrator. Elizabeth G. Bailey, the claimant-respondent, filed a claim for certain bonds, together with a real estate mortgage of the aggregate value of approximately $4,775, claimant contending that the decedent prior to her death had made a valid gift to her of said bonds and said mortgage. At the time of decedent's death and for several years prior thereto she and the claimant had rented a safe deposit box at a bank in Oneonta, wherein they placed securities for safe keeping. The bonds which claimant alleges were given her were in the safe deposit box at the time of decedent's death, while the mortgage, known as the Nielson mortgage, was kept in a tin box at the sanatorium at Mt. Vision. There was but one key to the safe deposit box and this key was in the possession of the claimant. The claimant has been employed at the sanatorium as a nurse since 1920, having entered that institution upon the request and recommendation of the decedent. It is quite apparent that the most friendly and intimate relationship existed between the decedent and the claimant. They occupied the same bedroom and slept together in the same bed during the many years they were employed at the sanatorium. They attended the same church and vacationed together and were sometimes referred to as the " San Twins." The evidence in this case is clear and convincing. The testimony of disinterested witnesses that shortly before her death decedent stated that she had given her bonds and mortgage to claimant supports the finding of the learned surrogate. The distributees contend that there was not an actual delivery of these securities, which is necessary to constitute a valid gift. There was, however, a constructive delivery and that is established by evidence clear and convincing. At the time of the making of this gift claimant had in her possession the key to the safe deposit box containing the bonds and as well had access to the tin box containing the mortgage, which was kept in the room occupied by decedent and claimant. The friendly relationship between decedent and claimant, the fact that they lived together for many years, neither having been married, indicates that a strong reason existed for this gift by decedent to claimant. In view of all the circumstances and the testimony, which stands undisputed, the making of this gift was a natural act. To consummate it did not require a physical delivery of these securities. A symbolic or constructive delivery was sufficient. It was impossible for decedent to make physical delivery of the bonds in the safe deposit box at the time this gift was made. It was Sunday and decedent was seriously ill. Claimant had the key to the safe deposit box. The mortgage was in a tin box in the bedroom occupied by decedent and claimant. In the circumstances, the declarations made by decedent and which stand uncontradicted were sufficient to constitute a valid gift. The decree of the surrogate should be affirmed, with costs. Decree unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.